**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA**

**V.**                                                    **CRIMINAL NO. 2:21-cr-33-KS-MTP**

**JIMMY WARREN**

### MEMORANDUM OPINION AND ORDER

This cause comes before the Court on Defendant's Motion for Compassionate Release and/or Reduction of Sentence. [64]. The Government has filed a response. [66]. Having reviewed the parties' submissions and the relevant legal authorities, and otherwise being duly advised in the premises, the Court finds the motion is not well taken and, for the reasons stated below, will be denied.

### I.    BACKGROUND

On April 19, 2022, pursuant to a plea agreement, Defendant Jimmy Warren plead guilty to one count of possession with intent to distribute a controlled substance, methamphetamine, in violation of 21 U.S.C. § 841(a)(1). [26]. On August 30, 2022, the Court sentenced Defendant to 151 months of imprisonment followed by 5 years of supervised release, with a $5,000 fine and $100 mandatory assessment. [34]. The sentence imposed was at the bottom of the range found in the United States Sentencing Guidelines. [33]. After a series of post-judgment motions and appeals, Defendant now files this motion pursuant to 18 U.S.C. 3582(c)(1)(A), seeking either compassionate release or a sentence reduction for what he contends are extraordinary and compelling reasons, namely his family circumstances and changes in the law.[1]

---

[1] Defendant also states that he "relies on his age at sentencing, his rehabilitation efforts, the communities [sic] willingness to re-accept him back into society, and his lowered recidivism risk." [64] at p. 2.

## II.    DISCUSSION

### A.    Applicable Law

18 U.S.C. § 3582(b) provides that a judgment of conviction constitutes a final judgment,

although it can be modified pursuant to the provisions of 18 U.S.C. § 3582(c). Here, Defendant

seeks early release under § 3582(c)(1)(A)(i), which states in relevant part as follows:

> The court may not modify a term of imprisonment once it has been imposed except that –
>
> (1) in any case –
>
> > (A)   the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are appliable, if it finds that –
> >
> > > (i)    extraordinary and compelling reasons warrant such a reduction. . . .

18 U.S.C. § 3582(c)(1)(A)(i). Once exhaustion is satisfied, as the Fifth Circuit has explained:

> a prisoner seeking compassionate release must overcome three hurdles. First, "extraordinary and compelling reasons" must justify the reduction of his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Second, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A). Finally, the prisoner must persuade the district court that his early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a). *Id.*

*United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022).

The analysis of extraordinary and compelling reasons is informed by the policy statement

issued by the U.S. Sentencing Commission. *See* U.S.S.G. § 1B1.13 (Reduction in Term of

Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)). Section 1B1.13 was recently

amended with an effective date of November 1, 2023 and now contains a non-exclusive list of six

extraordinary and compelling reasons within the policy text itself, offering greater clarity to courts. *See* U.S. Sent'g Guidelines Manual Supplement to App. C (U.S. Sent'g Comm'n 2023) at 200–210 (Am. 814).[2]

### B.    Analysis

The first step in the Court's analysis is to determine if Defendant has exhausted his administrative remedies. Defendant submitted a request that was sent to the Warden of F.C.I.-Pollock on June 12, 2024. [64-2]. Defendant states that, as of the time of filing his motion on July 22, 2024, he had not received any response/review. The Government does not contest that Defendant has met the exhaustion requirement under the statute. Accordingly, the Court finds that Defendant has met the mandatory requirement of presenting his request to the Bureau of Prisons before filing his motion in accordance with the statute. *See United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020).

### 1.    Family Circumstances

Defendant has the burden of demonstrating that he meets the requirements for a sentence reduction. *See United States v. Whirl*, No. 5:18-cr-17-DCB-LRA, 2020 WL 3883656, at *1 (S.D. Miss. July 9, 2020). Thus, the Court must determine if Defendant has sufficiently shown extraordinary and compelling reasons that would warrant a reduction in his sentence at this time. 18 U.S.C. § 3582(c)(1)(A)(i). Also, as mandated by the statute, Defendant's proffered reasons must be consistent with the Sentencing Commission's applicable policy statement concerning what should be considered extraordinary and compelling reasons for a sentence reduction.[3] 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(1)(A), (3) (allowing for a sentence reduction only if the court

---

[2] Amendment 814 revised Section § 1B1.13, which, among other things, now made clear that the policy statement applies to both defendant-filed and BOP-filed motions for sentence reductions.

[3] Section 1B1.13 allows a sentence reduction for "extraordinary and compelling reasons" only if the reasons are "consistent with this policy statement."

determines that "the reduction is consistent with this policy statement").

As mentioned, the Sentencing Commission's policy statement contained in Section 1B1.13 was amended in November 2023 and contains a non-exclusive list of six extraordinary and compelling reasons that a court may consider upon proper motion. *See* U.S. Sent'g Guidelines Manual Supplement to App. C (U.S. Sent'g Comm'n 2023) at 200–210 (Am. 814). One of the listed reasons is "Family Circumstances of the Defendant." *See* U.S.S.G §1B1.13(b)(3). The policy statement specifically states: "The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse." U.S.S.G §1B1.13(b)(3)(B). On the present record, Defendant's family circumstances do not justify early release.

Defendant urges that he should be released to financially support and care for his ailing wife. [64] at p. 5. He states that his wife has been diagnosed with breast cancer and submits both a letter from his wife[4] and a letter from her doctor, a Dr. Louis Varner with The Cancer Center at Hattiesburg Clinic, which indicates that she is indeed being treated for breast cancer. [5] [64-1], [64-5]. However, nowhere in any of the documentation does it indicate that Defendant's wife is incapacitated, such that she cannot care for herself.[6] Even if that were the case, Defendant has not shown that he would be the only caregiver available as required by the policy statement. Therefore,

---

[4] The Court notes that the letter that Defendant claims is from his wife is signed "Amanda Warren," although the doctor's letter indicates that he is treating "Amanda Monroe." The Court will assume that these are one in the same person and that Amanda is indeed Defendant's wife or registered partner for purposes of analysis under the policy statement. Even if she were not, Section (b)(3)(D) of the policy statement allows for the care of "an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual."

[5] Although the Court empathizes with a cancer diagnosis, it is noted that Mrs. Warren's prognosis is positive, as she was diagnosed with Stage 1A breast cancer, and her doctor indicates that she has been and will be treated with oral medication for 5-10 years. [64-5].

[6] While the Court sympathizes with the situation explained in the letter from Defendant's wife, it must also be noted that Mrs. Warren does not claim that she needs Defendant to provide full-time care for her. Rather she closes by saying, "If Jimmy were to be released early, it would lighten the burden of expenses. Most importantly providing the love and care our daughter has missed out on in his absence." [64-1]. Unfortunately, this is not sufficient.

the Court finds that Defendant has not stated an extraordinary and compelling reason consistent with the policy statement.

## 2. Changes in the Law

As for Defendant's other argument, he again fails to show that a sentence reduction is consistent with the policy statement. In this instance, Defendant relies upon the newly promulgated extraordinary and compelling reason titled "Unusually Long Sentence." *See* U.S.S.G. § 1B1.13(b)(6)). [64] at pp. 5-7. This provision provides specifically:

> If a defendant received an unusually long sentence and *has served at least 10 years of the term of imprisonment*, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion was filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6) (emphasis added). Defendant is clearly not eligible under this newly defined circumstance for three reasons.

First, Defendant went into federal custody to begin serving his sentence on August 30, 2022. [34] at p. 2. As such, he has not yet served at least 10 years of his term of imprisonment.[7] Second, Defendant does not articulate what non-retroactive change in the law would create "a gross disparity between the sentence being served and the sentence likely to be imposed" in July 2024 when his motion was filed. Defendant states:

> While the First Step Act did not make the changes to certain sentences retroactive, the exclusion of the Court to combine both his state probative violation along with his new federal conviction or the Court's inability to run the federal conviction

---

[7] Defendant argues that he has already served five years when his federal sentence is coupled with the time he served in state prison for a probation violation. [64] at p. 7. Defendant provides no legal authority to support his contention that a federal sentence may be combined with time served on a state sentence. Notwithstanding, five years still does not satisfy the narrowly circumscribed circumstance of having to have served *at least ten years* of his sentence to be eligible under this new policy modification.

current with the state sentence, thus constitutes a "gross disparity" that is worth remedying.

[64] at p. 7. Even though Defendant is proceeding *pro se*, he must articulate grounds that meet the requirements for compassionate release. This rather disjointed argument appears to have no basis in any "change in the law" that would qualify Defendant for a sentence reduction even if he had served at least 10 years of his sentence.

Third, and finally, in this circuit, compassionate release claims arising from non-retroactive changes in the law are not cognizable under 18 U.S.C. § 3582(c)(1)(A) despite the addition of subsection (b)(6) to the Sentencing Commission's policy statement. *See United States v. Austin*, 125 F.4th 688 (5th Cir. 2025). Earlier this year in *Austin*, the Fifth Circuit upheld its earlier ruling in *United States v. Escajeda*, 58 F.4th 184 (5th Cir. 2023), in which it found that a non-retroactive change in the law is neither "extraordinary" or "compelling." *Id*. at 691-692. The court in *Austin* specifically ruled that § 1B1.13(b)(6) "changes nothing" because "the Sentencing Commission cannot make retroactive what Congress made non-retroactive." *Id*. at 692 (citing *United States v. McMaryion*, No. 21-50450, 2023 WL 4118015, at *2 (5th Cir. June 22, 2023) (per curiam)). The court in *Austin* specifically held that "a non-retroactive change in the law cannot constitute an extraordinary and compelling reason justifying sentence reduction under § 3582(c)(1)." *Id*. at 693. Therefore, Defendant's arguments in this regard fail to warrant compassionate release.

### 3. Section 3553 Sentencing Factors

Even assuming Defendant had stated an extraordinary and compelling reason, this Court "has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction." *Jackson*, 27 F.4th at 1089. The applicable § 3553(a) factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just

punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with, among other things, any needed medical treatment; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7). The Court finds that, in this Defendant's case, these factors weigh against early release.

The Court notes that Defendant had a total criminal history score of 14 that results in a criminal history category of VI, which is "the most serious category and includes offenders with serious criminal records."[8] Defendant has a history of drug use and plead guilty to a serious drug offense, which was not his first offense. Defendant received a sentence of 151 months, which is approximately 12½ years and at the lowest end of his guideline imprisonment range of 151 months to 188 months. *See* generally PSR [31] (restricted document). He has served only 2½ years of that sentence thus far. For these reasons alone, although there are others, the Court finds that the sentence imposed is necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment. Under these and the other sentencing factors, Defendant is simply not a candidate for early release at this time.

## III.    CONCLUSION

For the reasons set forth herein, Defendant's Motion for Compassionate Release and/or Reduction of Sentence [64] is DENIED.

SO ORDERED and ADJUDGED, this 11th day of February 2025.

/s/ Keith Starrett
KEITH STARRETT
SENIOR UNITED STATES DISTRICT JUDGE

---

[8]    *See*    https://www.ussc.gov/sites/default/files/pdf/about/overview/Overview_Federal_Sentencing_Guidelines.pdf (last accessed 2/11/2025).